UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| TIMOTHY HOPSON, SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GPM INVESTMENTS, LLC, )<br>)<br>Defendant. ) | 2:23-CV-36 |

**REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and a Motion [Doc. 1] to proceed *in forma pauperis*. On May 3, 2023, this Court granted Plaintiff's request to proceed *in forma pauperis*. [Doc. 4]. The Court then undertook the screening process required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff did not provide a sufficient factual basis to show that this Court had jurisdiction to hear his case, because Plaintiff had not adequately invoked either federal question or diversity jurisdiction. Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint.

Plaintiff filed an Amended Complaint [Doc. 5] on May 15, 2023. In his Amended Complaint, Plaintiff alleges that he is a citizen of Tennessee. [Doc. 5, p. 2]. He then attaches an exhibit showing filing information for Defendant GPM Investments, LLC from the State of Tennessee Division of Business Services. *Id.* at p. 5-6. That document shows that Defendant is a limited liability company formed in Delaware with a principal address in Virginia and a registered agent address in Tennessee.

I. ANALYSIS

As noted in the Court's previous Order [Doc. 4], courts have an independent and ongoing obligation to determine whether they have jurisdiction to hear each case. Fed. R. Civ. P. 12(h)(3) (noting that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (observing that "the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.") (footnote omitted)); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) (confirming that "courts have a positive duty to undertake the jurisdiction inquiry"). Federal courts have jurisdiction over only those cases which arise under federal law or where there is statutory diversity. 28 U.S.C. §§ 1331, 1332(a). To invoke diversity jurisdiction, plaintiffs must allege both that "the matter in controversy exceeds the sum or value of $75,000" and that the parties are citizens of different states. *Id.* § 1332(a). While individuals are citizens of the states in which they reside, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

In this case, Plaintiff has filed suit against Defendant GPM Investments, LLC, and requests relief under various provisions of Tennessee law relating to age and disability discrimination. Because Plaintiff has not sought relief under any federal statute, he has not demonstrated federal question jurisdiction and appears instead to invoke diversity jurisdiction. As the Court previously noted, Plaintiff has established the first requirement to demonstrate diversity jurisdiction by contending that the amount in controversy is $175,000.000, exceeding the required threshold of more than $75,000.00. However, he has not met his burden of proving that there is complete diversity of citizenship between the parties, because he has not provided sufficient facts to establish

Defendant's citizenship. In his Amended Complaint, Plaintiff alleges that he is a citizen of Tennessee. Because Defendant is an LLC, it takes on the citizenship of each of its members. Therefore, to establish diversity jurisdiction, Plaintiff would have to show that none of Defendant's members are citizens of Tennessee. Plaintiff's exhibit showing filing information for GPM Investments, LLC is insufficient to prove the citizenship of Defendant because it does not include any information about the LLC's members. The only addresses the document includes are addresses for the state of incorporation, the principal place of business, and a registered agent. Without information as to the citizenship of Defendant's members, the Court cannot determine whether it has jurisdiction to hear Plaintiff's case.

## II.     CONCLUSION

For reasons stated above, the undersigned recommends that Plaintiff's Amended Complaint [Doc. 5] be **DISMISSED without prejudice**. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d 260, 263 (6th Cir. 1990) wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[1]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick  
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).